**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ELIZABETH HOFFMAN,<br><br>               Plaintiff,<br><br>    v.<br><br>WAL-MART STORES EAST, et al.,<br><br>               Defendants. | CIVIL ACTION NO. 3:15-CV-00830<br><br>(CAPUTO, J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

This is a civil rights action initiated by the filing of a complaint in this matter by *pro se* Plaintiff Elizabeth Hoffman on April 27, 2015. (Doc. 1). An amended complaint was filed on November 23, 2015, asserting violations of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA"), the Pennsylvania Human Relations Act ("PHRA"), the Family Medical Leave Act ("FMLA"), and the Pregnancy Discrimination Act of 1978 against her former employer, Wal-Mart, and a number of its supervisors. (Doc. 26). Presently before this Court is Defendants' motion to dismiss Plaintiff's amended complaint. (Doc. 27). For the reasons provided herein, it is respectfully recommended that Defendants' motion to dismiss be denied.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

*Pro se* Plaintiff Elizabeth Hoffman filed the above-captioned civil action on April 27, 2015. (Doc. 1). Hoffman's initial complaint consisted of a scant two-page form complaint together with seventy-seven pages of supporting documentation, which included a University of Colorado Law Review article, various copies of filings submitted to the PHRC and EEOC, and a six-page letter filed with the Lackawanna County Court system that provided a narrative of

the alleged discrimination she experienced from 2010 to 2013 while employed as a Systems Operator at the Wal-Mart Distribution Center located in Tobyhanna, Pennsylvania. The thrust of Hoffman's allegations was that she was terminated for taking FMLA leave to begin fertility treatments, and for requesting ADA leave upon the expiration of her FMLA leave to continue with her treatments. She further alleges that she was retaliated against and ultimately terminated, for asserting her rights under the Americans with Disabilities act by continually seeking adequate accommodations for her various ADA disabilities, including a learning disability, language disorder, and tinnitus, which created a hostile work environment.

On July 7, 2015, Defendants filed a motion to dismiss Hoffman's complaint. (Doc. 7). In their motion to dismiss, Defendants argued that dismissal was appropriate because the complaint failed to comply with Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure, in that the complaint did not contain numbered paragraphs or a "short and plain statement of the claim showing the pleader is entitled to relief," thus rendering it "impossible for Defendants to either identify the basis for whatever purported legal claims Plaintiff seeks to assert, or to shape a comprehensive defense." (Doc. 10, at 4).

In an attempt to correct the alleged deficiencies in her complaint as identified by Defendants, Hoffman filed a motion to amend her complaint, together with a fifty-page proposed amended complaint and one-hundred-and-thirty pages of supporting exhibits. (Doc. 22). The proposed amended complaint, somewhat presented in numbered paragraph form, explicitly alleged violations of Title VII, the ADA, the PHRA, the FMLA, and the Pregnancy Discrimination Act. (Doc. 22). On November 16, 2015, Defendants filed a motion to dismiss the amended complaint for failure to conform to Federal Rules 8(a)(2) and 10(b). (Doc. 23). In an Order dated November 23, 2015, the Court granted Hoffman's motion to amend her

complaint and denied as moot Defendant's motion to dismiss Hoffman's original complaint in light of her filing a properly supported amended complaint. (Doc. 25).[1] Moreover, in that Order the Court attempted to address Defendants' persistent filing of motions to dismiss that solely concerned the sufficiency of Hoffman's pleadings under Federal Rules 8(a)(2) and 10(b), by advising Defendants of the following:

> While the Court acknowledges that *pro se* Plaintiff has asserted violations of various federal and state statutory provisions relating to employment law that may be subject to legal objections, the Court nevertheless finds that the proposed amended complaint has provided clarification to cure some of the pleadings' defects and contains enough factual allegations that provide sufficient notice from which Defendants can ascertain the grounds upon which the Plaintiff's claims rest. Thus, in the exercise of the Court's discretion with respect to this *pro se* Plaintiff, this Court believes that the better course at this juncture is to permit this amendment without prejudice to the filing of a renewed motion to dismiss at the appropriate time that specifically addresses the claims set forth in the amended complaint. . . .

(Doc. 25).

Defendants subsequently filed, on December 10, 2015, a second motion to dismiss Hoffman's amended complaint, together with a brief in support thereto, for failure to comply with the requisites of Federal Rules 8(a)(2) and 10(b). Specifically, Defendants argue that the "length and density of the amended complaint, along with Plaintiff's failure to provide unique identifying markers for each paragraph, preclude Defendants from fashioning a defense or articulating answers in response to anything Plaintiff has included in this stream of consciousness." (Doc. 28, at 4). Rather than file a brief in opposition to Defendants' motion to dismiss, Hoffman has instead filed numerous motions for extensions to amend her complaint

---

[1] As Defendants' motion to dismiss Hoffman's proposed amended complaint was premature, given that the case was still proceeding on the original complaint at that time because the Court had not yet granted Hoffman's motion to amend, the motion to dismiss was stricken from the record in a separate Order dated November 23, 2015. (Doc. 24).

for a third time.[2] As no oppositional brief has been filed, this matter is deemed unopposed and thus, is ripe for disposition. *See L.R. 7.6* ("Any party who fails to comply with this rule shall be deemed not to oppose such motion.").

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has

---

[2] The Court has construed these motions as requests for leave to amend her complaint as opposed to requests for an extension of time to file a brief in opposition to Defendants' motion to dismiss, and has ruled on them accordingly.

not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). A plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court of the United States held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

    A document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

**III.   DISCUSSION**

Defendants urge the Court to dismiss Hoffman's amended complaint for failure to adhere to Rules 8(a)(2) and 10(b), as the amended complaint is fifty pages in length with no "unique identifying markers for each paragraph," and is filed together with one-hundred-and-thirty one pages of exhibits. (Doc. 28, at 3-4).

Pursuant to Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) requires a plaintiff to state claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Dismissal for failure to comply with Rule 8(a)(2) or Rule 10(b) is a matter of discretion for the district court. *Mobley v. Wetzel*, No. 1:14-CV-0035, 2015 WL 1511896, at *3 (M.D. Pa. Mar. 31, 2015) ("[N]o rules of court exist regarding the proper length of a pleading. It has been observed, however, that 'the proper length . . . for a pleading . . . is largely a matter for the discretion of the trial court.'") (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1217)).

The length of the pleading alone will not serve as the basis for dismissal. Mobley, 2015 WL 1511896, at *3 (citing *Hearns v. San Bernardino Police Dept.,* 530 F.3d 1124, 1131–31 (9th Cir. 2008)). Rather, dismissal is typically reserved for those pleadings that are "not only of an unwieldy length," but are also "'so confused, ambiguous, vague, or otherwise unintelligible that [their] true substance, if any, is well disguised.'" *Tillio v. Northland Grp. Inc.,* 456 F. App'x 78, 79 (3d Cir. 2012) (quoting *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir.1995)); *Stephanatos v. Cohen,* 236 F. App'x 785, 787 (3d Cir. 2007). Indeed, a voluminous complaint that "le[aves] the defendants having to guess what of the many things discussed constitute[s] [a cause of action];" *Binsack v. Lackawanna Cnty. Prison,* 438 F. App'x 158, 160 (3d Cir. 2011), or is so "rambling and unclear" as to defy response, will be subject to dismissal for running afoul of Rule 8's mandate

6

that a complaint contain a short and plain statement of the claim. *Tillio v. Spiess,* 441 F. App'x 109, 110 (3d Cir. 2011); *see also Earnest v. Ling,* 140 F. App'x 431, 432 (3d Cir. 2005) (affirming dismissal where "complaint fails to clearly identify which parties [the plaintiff] seeks to sue").

Conversely, a court will not dismiss a complaint for mere failure to comply with Rule 8 or Rule 10 "where such failure does not prevent defendants from filing responsive pleadings." *Coleman v. Camacho*, No. CIV.A. 10-2613 MLC, 2012 WL 5986455, at *3 (D.N.J. Nov. 27, 2012) (citing *Buzzerd v. E. Pikeland Twp.,* No. 90–1675, 1990 WL 90109, at *3 (E.D. Pa. June 26, 1990) ("Failure to number the paragraph[s] . . . may be inartful pleading, but the complaint clearly discloses the nature of the plaintiffs' grievances and the theory of the complaint."); *Shaw v. Russell Trucking Line, Inc.,* 542 F. Supp. 776, 781 (W.D. Pa. 1982) (denying motion to dismiss complaint for violations of Rule 10(b) because complaint "was sufficiently clear so as to enable each Defendant to effectively formulate a response")).

Here, while the amended complaint, including its referenced exhibits, is arguably lengthy, it is by no means unintelligible or impossible to decipher.[3] Hoffman has alleged violations of identifiable constitutional rights which are supported by factual assertions tethered to particular defendants. Indeed, the amended complaint is certainly not an unwieldy chronicle or a "stream-of-consciousness morass" that clouds Hoffman's claims rather than illuminates them, as Defendants so claim. (Doc. 28, at 3); *Mobley*, 2015 WL 1511896, at *3 ("If a lengthy complaint is drafted in a manner that makes it impossible to 'separate the wheat from the chaff,' it may generally be dismissed for a Rule 8 violation.") (citations omitted). That the amended complaint is "50 pages in length and mostly single spaced," contains "block quotes from legal

---

[3] The Court notes though, that the length of the complaint alone, totaling fifty pages, can hardly be considered excessive.

7

opinions, Wikipedia and other unknown sources" and "includes just four pages in outline form while the remainder . . . is devoid of numbered paragraphs," does not present an "insurmountable obstacle to Defendants['] ability to formulate a response to her Complaint." (Doc. 28, at 4). The typewritten amended complaint, loosely organized into numbered paragraphs, provides factual allegations within a narrative format that affords sufficient notice through which Defendants can ascertain the grounds upon which Hoffman's claims rest. Specifically, Hoffman explicitly states in part, that she seeks to recover damages and injunctive relief against Defendants for violations under Title VII, the ADA, the PHRC, the FMLA, and the Pregnancy Discrimination Act, in refusing to accommodate her numerous disabilities, interfering with her request for leave under the ADA and FMLA, terminating her for seeking leave under the FMLA and ADA to pursue fertility treatments, and retaliating against her for opposing the alleged discrimination. *See Mincy v. Klem*, 303 F. App'x 106, 108 (3d Cir. 2008) (holding that plaintiff's 166-page amended complaint, containing more than 500 paragraphs of allegations, and naming more than 77 defendants, did not violate Rule 8 because plaintiff averred under the "Statement of Claim" section of the form-complaint that defendants retaliated against him for filing lawsuits.).

    While the Court expresses no view concerning the merits of Hoffman's action, it is clear that Hoffman has at least asserted claims in a manner in which Defendants are able to respond. Accordingly, the Court recommends denial of Defendants' motion to dismiss (Doc. 27), as the amended complaint satisfies the pleading requirements as envisioned by the Federal Rules of Civil Procedure.

## IV. RECOMMENDATION

Based on the foregoing, it is recommended that Defendants' motion to dismiss (Doc. 27), be **DENIED**, Defendants be directed to answer the amended complaint, and the matter be recommitted to the undersigned Magistrate Judge for further proceedings.

**BY THE COURT:**

**Dated: January 22, 2016**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**


# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH HOFFMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WAL-MART STORES EAST, et al.,<br><br>　　　　Defendants. | CIVIL ACTION NO. 3:15-CV-00830<br><br>(CAPUTO, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 22, 2016**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: January 22, 2016

　　　　　　　　　　　　　　　　　　　　　*s/ Karoline Mehalchick*
　　　　　　　　　　　　　　　　　　　　　**KAROLINE MEHALCHICK**
　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**